IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

FILED - FEB 24, 2025 - AM11:05
US DISTRICT COURT
Northern District of Indiana
Chanda J. Berta - Clerk

Willie Rogers,

Plaintiff,

v. St. Joseph County Clerk of Court of South Bend Division, St. Joseph County Clerk of Court of Mishawaka Division

In their official and individual capacities,     3:25-cv-166

Defendants,

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## AND MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Willie Rogers, alleges the following for his Complaint against

Defendants: **I. JURISDICTION AND VENUE**

    1. This action arises under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution.

    2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

    3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in St. Joseph County, Indiana, within this District.

**II. PARTIES**

    4. Plaintiff, Willie Rogers, is a resident of St. Joseph County, Indiana and the Defendant in a state court case titled Midland Credit Mgmt. v. Willie Rogers, Cause No. 71C01-2410-CC-005338.

    5. Defendants, are responsible for issuing court notices, including scheduling hearings and ensuring that proper notice is provided to litigants.

    6. Defendants are sued in their official and individual capacities for their role in failing to provide proper notice and violating Plaintiff's constitutional rights.

**III. FACTUAL BACKGROUND**

7. Summons and all filings indicated the St. Joseph County Superior Court at 101 South Main Street, South Bend, IN, as the court for appearances and filings.

8. A Default Judgment was entered against Plaintiff after failing to respond to the complaint, leading Plaintiff to file a Motion to Set Aside/Vacate Default Judgment in state court.

9. A hearing on that motion was scheduled for February 20, 2025. However, Plaintiff, following the information in the court documents, appeared at the South Bend courthouse on that date.

10. Upon arrival, Plaintiff was informed that the hearing was being held elsewhere (Mishawaka Division or via Zoom) but had received no prior notice of the change in location or format.

11. As a result, Plaintiff missed the hearing, leading to further procedural delays and harm.

12. The court subsequently rescheduled the hearing for June 11, 2025, nearly four months away, further prejudicing Plaintiff.

13. Plaintiff is suffering ongoing harm due to the Default Judgment, including potential wage garnishment, negative credit reporting, and emotional distress.

14. The failure to provide proper notice and the excessive delay in rescheduling constitute violations of Plaintiff's due process rights under the Fourteenth Amendment.

**IV. CLAIM FOR RELIEF**

(42 U.S.C. § 1983 – Violation of Due Process Rights)

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14.

16. Defendants, acting under color of state law, failed to provide Plaintiff with proper notice of the hearing location and format, depriving Plaintiff of the right to a meaningful opportunity to be heard.

17. Defendants' actions resulted in a violation of Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

18. The ongoing harm from the Default Judgment and the excessive delay in rescheduling the hearing further violates Plaintiff's constitutional rights.

**V. MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff seeks a Preliminary Injunction to prevent further harm while this case is pending. Legal Standard:

To obtain a preliminary injunction, Plaintiff must show:

1. A likelihood of success on the merits.

2. Irreparable harm if the injunction is not granted.

3. The balance of harms favors Plaintiff.

4. The public interest supports the injunction.

**A. Likelihood of Success on the Merits:**

19. Plaintiff has a strong likelihood of success, as the failure to provide proper notice directly violated Plaintiff's due process rights under the Fourteenth Amendment.

**B. Irreparable Harm:**

20. Plaintiff continues to suffer harm due to the Default Judgment, including potential wage garnishments, credit reporting issues, and emotional distress. The delay until June 11, 2025 only compounds this harm.

**C. Balance of Harms:**

21. Granting the injunction would prevent ongoing harm to Plaintiff without causing any undue prejudice to Defendants or the Plaintiff in the state case.

**D. Public Interest:**

22. The public has a strong interest in ensuring that court procedures are fair, transparent, and protect litigants' constitutional rights.

**VI. RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a Preliminary Injunction directing the state court to:

- Vacate the Default Judgment, or

- Advance the hearing on Plaintiff's Motion to Set Aside to the earliest possible date.

2. Declare that Plaintiff's due process rights were violated.

3. Award monetary damages for any harm caused by Defendants' actions. 4. Award legal costs and fees under 42 U.S.C. § 1988.

5. Grant any other relief the Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted, *Willie Rogers*   February 24, 2025