UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE ROGERS

    Plaintiff,

v.

CLERK OF COURT, ST. JOSEPH
COUNTY, SOUTH BEND DIVISION and
CLERK OF COURT, ST. JOSEPH
COUNTY, MISHAWAKA DIVISION,

    Defendants.

CAUSE NO. 3:25-CV-166 DRL-SJF

OPINION AND ORDER

Willie Rogers sues the Clerk of Court for the St. Joseph County South Bend Division and the Clerk of Court for the St. Joseph County Mishawaka Division for alleged violations of his constitutional rights in a state court civil proceeding.[1] Alongside his *pro se* complaint, he filed a motion for a preliminary injunction and a motion to proceed *in forma pauperis*.

Mr. Rogers is the defendant in a civil collection lawsuit in St. Joseph Circuit Court. Following entry of a default judgment against him, Mr. Rogers filed a motion to set aside that judgment. A hearing on his motion was scheduled for February 20, 2025. Mr. Rogers alleges that the location or format of the hearing was changed by the court without giving him proper notice, leading him to miss the hearing. The court has now rescheduled the hearing for June 11, 2025. This delay, says Mr. Rogers, is causing him ongoing harm due to potential wage garnishment,

---

[1] The court takes judicial notice of the electronic case docket for Case No. 71C01-2410-CC-005338 pending in St. Joseph Circuit Court. *See In re* Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions). The court may take judicial notice of proceedings in other courts, both federal and state, if the proceedings have a direct relation to matters at issue. *Green v. Warden, U.S. Penitentiary*, 699 F.3d 364, 369 (7th Cir. 1983).

negative credit reporting, and emotional distress. He claims that the failure to provide proper notice and the delay violates his due process rights under the Fourteenth Amendment. Mr. Rogers seeks a preliminary injunction directing the state court to either vacate the default judgment or advance the hearing to the earliest possible date. He also requests a declaratory judgment that his due process rights were violated, monetary damages, legal fees and costs, and any other relief the court deems just and proper.

The Rooker-Feldman doctrine precludes the court's review. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *see also Zurich Am. Ins. Co. v. Sup. Ct. for Cal.*, 326 F.3d 816, 821 (7th Cir. 2003) ("*Rooker-Feldman* doctrine is jurisdictional"). The *Rooker-Feldman* doctrine prohibits federal courts from reviewing state court decisions, recognizing that Congress has empowered only the United States Supreme Court to exercise appellate authority to reverse or modify a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005). The doctrine applies when the "state court's judgment is the source of the injury" about which a plaintiff complains in federal court. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). It precludes jurisdiction "over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016) (citing *Exxon Mobil*, 544 U.S. at 284). The doctrine applies to claims for damages and injunctive relief. *Swanson v. Indiana*, 23 F. Appx. 558, 559 (7th Cir. 2001).

For the doctrine to apply, the federal claim must allege an injury "caused by the state court judgment" or "an independent prior injury that the state court failed to remedy." *Sykes*, 837 F.3d at 742; *see also Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 767 (7th Cir. 2024). "A

litigant dissatisfied with the decision of a state tribunal must appeal rather than file an independent suit in federal court." *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994). He cannot avoid *Rooker-Feldman* by casting his complaint in the form of a civil rights or constitutional deprivation action. *See Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Mr. Rogers is essentially seeking appellate review; he asks the court to modify the state court's decisions, including the issuance of a default judgment. That relief falls squarely within the *Rooker-Feldman* prohibition. The court lacks the authority to take such action in review of a state court judgment. *See Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011); *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). Without jurisdiction, the court must deny the motion for a preliminary injunction and dismiss this case.

Further, the clerks of court are entitled to immunity under the doctrine of quasi-judicial immunity. "Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *Antoine v. Byers & Anderson*, 508 U.S. 429, 436 (1993) (holding that non-judge court personnel may be entitled to quasi-judicial immunity if they are acting at the direction of a judge); *see also Jones v. Glick*, 2024 U.S. Dist. LEXIS 60352, 3 (N.D. Ind. Apr. 1, 2024). Clerks of court are immune from suit when "performing functions intimately entwined with the judicial process." *Jones*, 2024 U.S. Dist. LEXIS 60352 at 2.

Mr. Rogers's allegations that the clerks' offices provided him improper notice of the hearing and hasn't scheduled his motion hearing in a reasonable period of time fall within the quasi-judicial function that protects the clerk's office from suit. *See Schneider v. Cnty. of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010) (nonjudicial actors are entitled to immunity when

"performing ministerial acts under a judge's supervision and intimately related to judicial proceedings"); *Pyles v. Madison Cnty. Ct.*, 2023 U.S. Dist. LEXIS 150667, 4 (S.D. Ill. Aug. 25, 2023) (holding that a plaintiff's claim against a clerk of court that the clerk failed to schedule his motion for a hearing in a timely manner was barred by quasi-judicial immunity).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, the court doesn't have jurisdiction, and the complaint doesn't state a claim against a suable party, so Mr. Courter can't demonstrate that he's likely to succeed on the merits. The request for a preliminary injunction [2] will be denied.

The court has considered whether Mr. Rogers should be entitled to leave to amend his pleading; but, given the lack of jurisdiction and the application of immunity, doing so would be futile here.

## CONCLUSION

Accordingly, the court DENIES Mr. Rogers's motion to proceed *in forma pauperis* [3], DENIES the motion for a preliminary injunction [2] and DISMISSES his case for lack of jurisdiction and immunity.

SO ORDERED.

March 3, 2025                                             *s/ Damon R. Leichty*
                                                                         Judge, United States District Court